UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60121-CIV-ALTMAN/Reid

**OBED MOLINA,**

    *Plaintiff*,

v.

**MICHAEL J. SATZ** *et al.*,

    *Defendants*.

_____/

## ORDER

**THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation [ECF No. 18] (the "Report"). In that Report, Magistrate Judge Lisette M. Reid recommends that the Court dismiss the Plaintiff's Second Amended Complaint ("SAC") [ECF No. 15], because (1) the Plaintiff has failed to comply with court orders and (2) the Plaintiff has failed to abide by the Local Rules. *See generally id*. The Report warned the Plaintiff that "[o]bjections to this Report may be filed with the District Court Judge within fourteen days of receipt of a copy of the Report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this [R]eport." *Id*. at 4. As of this writing, however, no objections to the Report have been filed—and the time to do so has elapsed.

### The Law

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only when objections have been properly

filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

## The Facts

In 2016, Molina was arrested and detained by the Coconut Creek Police Department. *See* SAC at 2. In his SAC, Molina claims that the officers threatened him when he tried to invoke his Fifth Amendment right to silence. *Id.* at 7. According to Molina, only "under duress, Affiant provided these officers with the type of statement they wanted to hear." *Id.* at 8. Molina was subsequently held without bond. *Id.* at 4.

Molina's § 1983 action advances a long litany of Fourth, Fifth, and Sixth Amendment claims against almost every participant in his state criminal case. *First*, Molina alleges that Seventeenth Judicial Circuit Judge Michael Usan issued a warrant without "the 6 (six) required Oaths . . . in order to become an elected and a[n] appointed Judge"—which, Molina says, violated his Fourth Amendment right that "no Warrants shall issue, but upon probable cause supported by Oath or affirmation." *Id.* at 2. *Second*, Molina avers that four Broward County prosecutors violated his Fifth Amendment Due Process rights by recommending that he be held without bond. *Id.* at 7. *Third*, Molina claims that Officer John McKinney violated his Fifth Amendment rights by threatening that "I will beat the crap out of you if you continue to play games with us try me I am a member of the SWAT team." *Id. Fourth*, Molina says that his Sixth Amendment Confrontation Clause rights were abridged because "reporting officer Amy Kitching submitted a narrative report

ex parte, denying defendant that right." *Id.* at 10. *Fifth*, Molina adds a Freedom of Information Act claim against the Seventeenth Judicial Circuit for ignoring his request for the judge's oaths of office. *Id.* at 14.

**Analysis**

Because he filed a complaint under § 1983, Molina is subject to Local Rule 88.2(a)(4), which requires that the SAC be sworn under "*penalty of perjury*." S.D. FLA. L. R. 88.2(a)(4) (emphasis added). Molina's original complaint did not comply with this Local Rule—certifying only that "to the best of [his] knowledge, . . . the complaint" is not frivolous and has "evidentiary support." Complaint [ECF No. 1] at 11. Recognizing that Molina was *pro se*, the Magistrate Judge alerted Molina to this deficiency and ordered him to amend his complaint. *See* Order to Amend [ECF No. 5]. Although Molina amended his complaint, he (again) failed to swear under penalty of perjury. *See* First Amended Complaint [ECF No. 7].

The Magistrate Judge then gave Molina a third chance: She ordered Molina to file an amended complaint that was *sworn under penalty of perjury* and warned him that failure to comply would "probably result in dismissal of this case for . . . failure to comply with court orders."[1] Second Order to Amend [ECF No. 14] at 3, 8. Molina's third Complaint—in which the "defendant [did] hereby certify that the information prescribed here in the affidavit is true and correct"—*again* failed to comply with the Magistrate Judge's directives. *See* SAC at 11. Having tried (and failed) three times, the Magistrate Judge recommended that the SAC be dismissed for failure to comply with the Local Rules and with the Court's orders. *See* Report at 2–3.

---

[1] To satisfy Rule 88.2(a)(4), a complaint must include the following specific declaration: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)(signature)." 47 C.F.R. § 1.16 (2020).

When, as here, the Plaintiff is *pro se*, the Court must interpret the complaint liberally because *pro se* pleadings are held to "less stringent standards than those drafted by an attorney." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). At the same time, the Court may not "serve as de facto counsel or [] rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011).

The Court finds no clear error in the Report. Molina's SAC should be dismissed because—despite multiple warnings—Molina (1) failed to comply with the Court's orders and (2) failed to follow the Local Rules. District courts "[have] inherent authority to manage [their] own docket[s] 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This authority necessarily includes the power to dismiss a case under Fed. R. Civ. P. 41(b) for failure to prosecute or for refusal to comply with a court order. *Id.* Dismissal for failure to obey a court order is not an abuse of discretion if a litigant was forewarned of the possibility of dismissal. *See, e.g.*, *Powell v. Harris*, 2017 WL 9249661, at *1 (11th Cir. Nov. 27, 2017) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *see also Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to comply with a court order was not an abuse of discretion).

The Court notes that, in Florida, the limitations period for a § 1983 claim is four years. *Cf. Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)) ("Florida's four-year statute of limitations [period] applies to § 1983 claims."). The Report correctly concluded that dismissal without prejudice is appropriate here because the SAC's claims do not appear to be time-barred.[2]

---

[2] Should Molina choose to refile, he should note that the Report did not address several other

4

\*\*\*

Accordingly, the Court hereby **ORDERS AND ADJUDGES** that the Report [ECF No. 18] is **ADOPTED in full**. The Second Amended Complaint [ECF No. 15] is **DISMISSED without prejudice**. The Clerk of the Court is instructed to **CLOSE** this case, any deadlines and hearings are **CANCELLED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of July 2020.

*signature*

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Obed Molina, *pro se*
      Counsel of record

---

deficiencies in his SAC. For instance, Molina has sued judges and prosecutors—two groups of people who are, generally speaking, *absolutely* immune from suit for conduct undertaken within the scope of their jurisdiction. *See McCullough v. Finley*, 907 F.3d 1324, 1332 (11th Cir. 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)) (noting that judges "enjoy absolute immunity unless they act in the clear absence of all jurisdiction") (cleaned up); *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate") (cleaned up). Additionally, the Seventeenth Judicial Circuit is not subject to FOIA's obligations because it is a component of the state, rather than the federal, government. *See Blankenship v. Claus*, 149 F. App'x 897, 898–99 (11th Cir. 2005) ("Because Blankenship sought the records from a state authority, the FOIA could not apply.").